# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07mj119
# [consolidating 1:07mj119;1:07mj120;1:07mj121; &1:07mj122]

| In re: | ) | |
|---|---|---|
| | ) | |
| FOUR SEIZURE WARRANTS | ) | ORDER |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on four motions to quash seizure warrants filed in the above captioned cases. The motions, responses, and replies are, for all practical purposes, identical and involve common issues of fact and law. For the purposes of judicial economy, such seizure warrants and petitioner's motions will be consolidated for disposition under 1:07mj119.

On November 9, 2007, the undersigned issued seizure warrants upon application by the government concerning property located at four different locations. Returns were made on or about November 29, 2007. On April 16, 2010, petitioner, Zeke Layman, proceeding *pro se*, filed with the court documents captioned:

> Request for Hearing and Motion to Quash Seizure Warrant and Declaration of Zeek Layman in Support of Motion to Quash Seizure Warrant.

In each document, Mr. Layman asserts that he is a "claimant"and appears to assert a request for relief akin to the relief provided under Rule 12(b)(6), Federal Rules of Civil Procedure. Specifically, Mr. Layman asserts and prays, in relevant part, as follows:

> [c]laimant, hereby requests a hearing in this matter and moves the Court to Quash the Seizure Warrant issued in the above entitled cases on

-1-

> November 9, 2007 . . . on the grounds the APPLICATION AND AFFIDAVIT FOR SEIZURE . . . fails to state any act or omission upon which Special Agent Andrew F. Romagnuolo or his agency [the FBI] may proceed and his Application is so indefinite and uncertain that the charges cannot be identified in order to prepare a defense.

Motions, at p.1 (emphasis in the original). The government has timely filed its Response, and petitioner has promptly filed his Reply.

Close review of such petitions reveals that Mr. Layman makes no claim that he resided at or had any privacy interest in any of the properties where the seizure warrants were served. In his declaration, Mr. Layman does state that he has a claim and interest in the property that was seized pursuant to the seizure warrants that this court issued. See Decl. of Zeke Layman, at ¶ 3. Further, in his Reply, petitioner fails to make any assertion of any privacy interest in the places searched, but instead reiterates his interest in the personal property therein seized. Reply, at p. 1.

**I.      Standing**

It is clear from Mr. Layman's petition and his declaration that he firmly believes the seizure warrants were issued based on false or misleading information. It is also clear that Mr. Layman's claims an interest in the items that were seized, but no interest in the places where the warrants were served.

In order for a person to seek relief from the court, that person must have "standing" to seek the relief. As a leading commentator on the subject has noted,

> Before the trial court can consider whether a search or seizure was unreasonable under the Fourth Amendment, the defendant must first show standing to object to the legality of the search. Essentially, the defendant must demonstrate a violation of his legitimate expectation of privacy.

Ringel, *Searches & Seizures Arrests and Confessions*, § 20:3 (West Pub. 2nd Ed. 2003)(hereinafter "Ringel").  Indeed, 30 years ago, in a pair of cases decided the same day, the United States Supreme Court addressed the very issue presented here.  In those cases, personal property was seized by government officials, but the Court held that mere ownership of the personal property is insufficient to give the owner a sufficient expectation of privacy to challenge its seizure.  Rather, the Court held that the owner of personal property must have a reasonable expectation of privacy in the *place* in which government agents found the personal property.  United States v. Salvucci, 448 U.S. 83 (1980); and Rawlings v. Kentucky, 448 U.S. 98 (1980).  As the Court found, this court's inquiry is simply whether "governmental officials violated any legitimate expectation of privacy held by petitioner."  Rawlings, at 106.  As succinctly stated in Ringel, well settled law provides

> [i]f a person's property is exposed to the police through a search that does not violate that person's expectation of privacy, no matter how egregiously illegal the search is under Fourth Amendment standards, that person has no ground for objection to the seizure of his property.

Ringel, supra, § 20:8, at p. 20-23 (2008 update).[1]

Lacking standing to challenge the seizures in this matter, petitioner's motions must be denied.  Petitioner is advised to closely review the government's response at ¶ 9 for the proper procedure for contesting the civil or criminal forfeitures.

---

[1] While not necessary for decision, the court feels obliged to note that while petitioner has asserted on the public record that the FBI agent who sought the seizure warrants made averments "with reckless disregard for the truth," Motions, at p.4, and described the agent as conducting a "disingenuous investigation," such harsh words do not aide robust discourse.  Although it is a hallmark of our democracy for persons to disagree as to conclusions reached by others, ascribing malicious intent to another based on a mere difference of opinion was not what our Founding Fathers had in mind.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the above captioned cases are **CONSOLIDATED** for purposes of disposition of the pending motions, all under 1:07mj119, and the Request for Hearing and Motion to Quash Seizure Warrant and Declaration of Zeek Layman in Support of Motion to Quash Seizure Warrant filed in each such case is **DENIED** with prejudice.

Signed: May 10, 2010

Dennis L. Howell
United States Magistrate Judge